CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 27, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **GRAYSON COTES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:26-cv-00651** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff, Grayson Cotes, proceeding pro se, brings this action challenging the inscription of "In God We Trust" on United States currency and the reference to "God" in the Pledge of Allegiance, as violating the First Amendment's Establishment Clause. Cotes also moves to proceed in forma pauperis (Dkt. 2), which the court grants. As relief, Cotes asks for "a ruling from the court." *Id.* Upon review under 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss this action sua sponte as frivolous and failing to state a claim on which relief may be granted.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a case filed in forma pauperis if "at any time [ ] the court determines that . . . the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law when "based on an indisputably meritless legal theory" and lack an arguable basis in fact when "fantastic or delusional scenarios" are described. *Id.* at 327-28.

The First Amendment prohibits Congress from making any law "respecting an establishment of religion." U.S. Const. amend. I. "The Establishment Clause, at the very least,

prohibits government from appearing to take a position on questions of religious belief or from 'making adherence to a religion relevant in any way to a person's standing in the political community.' " *Cty. of Allegheny v. Am. Civil Liberties Union Greater Pittsburgh Chapter*, 492 U.S. 573, 593–94 (1989) (quoting *Lynch v. Donnelly*, 465 U.S. 668, 687 (1984) (O'Connor, J., concurring). Still, "the Establishment Clause must be interpreted by reference to historical practices and understandings" and "retaining established, religiously expressive monuments, symbols, and practices is quite different from erecting or adopting new ones." *Am. Legion v. Am. Humanist Ass'n*, 588 U.S. 29, 61 (2019) (citation omitted) ("The passage of time gives rise to a strong presumption of constitutionality.").

Cotes argues that placing the words "In God We Trust" on United States currency and referring to "God" in the Pledge of Allegiance shows favor to God, contradicting our freedom of religion, and maintains that, as a Satanist he considers this a "personal attack." Compl., Dkt. 1. Cote also points to various historical texts as support. However, Cotes's arguments are foreclosed by United States Supreme Court precedent that both printing "In God We Trust" on currency and referring to "God" in the Pledge of Allegiance are acceptable. Further, each Circuit "to have considered the question has found that placing 'In God We Trust' on U.S. coins and currency does not violate the Establishment Clause." *New Doe Child #1 v. United States*, 901 F.3d 1015, 1019 (8th Cir. 2018) (collecting cases from the Seventh, Second, Ninth, Tenth, Fifth, and D.C. Circuits). The Supreme Court's "interpretation of the Establishment Clause has comported with what history reveals was the contemporaneous understanding of its guarantees," emphasizing that an "unbroken history of official acknowledgment by all three branches of government of the role of religion in American life [exists] from at least 1789." *Lynch,* 465 U.S. at 674; *see also Cnty. of Allegheny,* 492 U.S. at 625 (O'Connor, J., concurring) (government

acknowledgments of religion "such as [] legislative prayers [] and the printing of 'In God We Trust' on our coins serve the secular purposes of solemnizing public occasions, expressing confidence in the future and encouraging the recognition of what is worthy of appreciation in society") (internal citation and quotation marks omitted)). In *Lynch v. Donnelly*, the Supreme Court wrote:

> [E]xamples of reference to our religious heritage are found in the statutorily prescribed national motto "In God We Trust," [] which Congress and the President mandated for our currency, [] and in the language "One nation under God," as part of the Pledge of Allegiance to the American flag. That pledge is recited by thousands of public school children—and adults—every year.

465 U.S. at 676 (noting that other permitted references to religious heritage include Presidents and Congress "proclaim[ing] both Christmas and Thanksgiving National Holidays in religious terms," and the National Gallery exhibiting masterpieces with religious messages, including the Last Supper); *See also* 36 U.S.C. § 302 ("'In God we trust' is the national motto.").

Pursuant to Supreme Court precedent, the inscription of "In God We Trust" on United States currency and the reference to "God" in the Pledge of Allegiance, does not violate the First Amendment's Establishment Clause. Accordingly, Cotes' claim are frivolous and fail to state a claim and will be dismissed. An appropriate order accompanied this memorandum opinion.

Entered: August 27, 2026

Robert S. Ballou

Robert S. Ballou
United States District Judge