CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 22, 2026
LAURA A. AUSTIN, CLERK
BY: /s/L. Ayers
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **GRAYSON COTES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:26-cv-651** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **Defendant.** | ) | |

**OPINION AND ORDER**

The court dismissed this case pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted on August 27, 2026. Dkt. 5. On August 28, 2026, plaintiff Grayson Cotes, proceeding *pro se*, filed a document captioned "Writ of Coram Nobis," which the court construes as a motion for reconsideration of the final order under Federal Rule of Civil Procedure Rule 60(b).[1] Dkt. 6.

Cotes' request for reconsideration restates the arguments in his Complaint challenging the inscription of "In God We Trust" on United States currency and the reference to "God" in the Pledge of Allegiance as violating the First Amendment's Establishment Clause.[2] Under Rule

[1] The ancient writ of coram nobis was available at common law to correct errors of fact affecting the validity and regularity of a judgment, either civil or criminal. *United States v. Morgan*, 346 U.S. 502, 507 (1954). The United States Congress has not specifically authorized the writ in any statute, but the Court has held that the all-writs statute, 28 U.S.C. § 1651(a), gives federal courts the power to use coram nobis in limited circumstances. *Id.* Enacting Rule 60(b) of the Federal Rules of Civil Procedure, Congress expressly abolished the writ of error coram nobis in civil cases. *United States v. Lesane*, 40 F.4th 191, 197 (4th Cir. 2022).

[2] Cotes also requests that I recuse myself from this case, writing "[e]ither [Judge Ballou's] reconsideration and adherence to the Constitution is demanded, or his recusal…" Dkt. 6. The applicable recusal standard is set forth in 28 U.S.C. § 455. Under that statute, a judge "shall disqualify himself in any proceeding in which his partiality might reasonably be questioned." 28 U.S.C. § 455(a). He also shall disqualify himself where he "has a personal bias or prejudice

60(b) the court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. "The remedy provided by [Rule 60], however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979).

The listed reasons in Rule 60(b)(1)-(5) to grant relief from a final judgment do not apply here. Thus, I interpret Plaintiff's motion as one made under to Rule 60(b)(6) – the catchall provision for relief from judgment which courts only grant in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). Here, Cotes' request for reconsideration restates and reiterates his original arguments in favor of his claims. I dismissed Cotes' claims as frivolous and for failure to state a claim because case law precedent establishes that the inscription of "In God We Trust" on United States currency and the reference to "God" in the Pledge of Allegiance, do not violate the First Amendment's Establishment Clause. *See Lynch v. Donnelly*, 465 U.S. 668, 676 (1984).

Accordingly, Cotes fails to allege "extraordinary circumstances" justifying

---

concerning a party." 28 U.S.C. § 455(b)(1). Cotes states no specific grounds for recusal, aside from his dissatisfaction that I dismissed his case for failure to state a claim. The law is clear that judicial viewpoints arising from court proceedings are not a sufficient basis for recusal. It is improper for a judge to recuse himself when there is no reasonable basis for questioning his impartiality. *U.S. v. Glick*, 946 F.2d 335, 336–37 (4th Cir. 1991). Thus, Cotes' request that I recuse myself is **DENIED**.

reconsideration. I **DENY** Plaintiff's motion.

Entered: September 22, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge